**COPY**

IN THE CIRCUIT COURT OF MARSHALL COUNTY, MISSISSIPPI

| | |
|---|---|
| CRAIG GORDON | PLAINTIFF |
| V. | CAUSE NO.: CV2020-115 |
| HOLLY SPRINGS SCHOOL DISTRICT a business entity of form unknown, HOLLY SPRINGS INTERMEDIATE SCHOOL, a business entity of form unknown, DR. IRENE WALTON TURNAGE (individually and in her official capacity), TANESHA PAYNE SCOTT (individually and in her official capacity), CHARISSE HARRIS (individually and in her official capacity), LEMON PHELPS (individual and in his official capacity), RAY AUTRY (individually and in his official capacity), SHELIA WALTON (individual and in her official capacity, and HOLLY SPRINGS SCHOOL DISTRICT SCHOOL BOARD | DEFENDANTS |

## COMPLAINT

COMES NOW the Plaintiff, Craig Gordon, by and through his counsel of record, Preston Ray Garrett and Jesse M. McRight III of the law firm Garrett, Friday & Garner, PLLC and files this, his *Complaint* and in support thereof would respectfully show unto this Honorable Court as follows:

I.

That this honorable Court has jurisdiction over the subject matter of the action and that venue is proper before the Circuit Court of Marshall County, Mississippi.

II.

That the Plaintiff herein, Craig Gordon, is an adult resident citizen of Lafayette County, Mississippi, and may be served with process through the office of his attorneys, Preston Ray Garrett and Jesse M. McRight III, at their usual business address of Garrett, Friday & Garner, PLLC 1205 Office Park Drive, Suite B, Oxford, Mississippi 38655.

**FILED**
APR 03 2020
MONET AUTRY
CIRCUIT CLERK, MARSHALL CO., MS
BY _____ D.C.

III.

1. That the Defendant, Dr. Irene Walton Turnage, is an adult resident citizen of Marshall County, Mississippi who was at all times relevant to this *Complaint* acting in her capacity as the Superintendent of the Holly Springs School District, and may be served with process of this Court at the address of 840 Highway 178 East, Holly Springs, Mississippi 38635.

2. That the Defendant, Tanesha Payne Scott, is an adult resident citizen of Marshall County, Mississippi who at all times relevant to this *Complaint* acting in her capacity as the Principal of the Holly Springs Intermediate School, and may be served with process of this Court at the address of 655 South Maury Street, Holly Springs, Mississippi 38635.

3. That the Defendant, Holly Springs School District, was and is a business entity of form unknown existing under the laws of the State of Mississippi, with its principal place of business located at 840 Highway 178 East, Holly Springs, Mississippi 38635 and may be served with process of this Court by and through Dr. Irene Walton Turnage at her usual business address 840 Highway 178 East, Holly Springs, Mississippi 38635.

4. That the Defendant, Holly Springs School District School Board, was and is a business entity of form unknown existing under the laws of the State of Mississippi, with its principal place of business located at 840 Highway 178 East, Holly Springs, Mississippi 38635 and may be served with process of this Court by and through Board President, Shelia Walton at her usual business address 840 Highway 178 East, Holly Springs, Mississippi 38635.

5. That the Defendant, Charisse Harris, is an adult resident citizen of Marshall County, Mississippi who was at all times relevant to this *Complaint* acting in her capacity as a Board Member of the Holly Springs School District, and may be served with process of this Court at the address of 840 Highway 178 East, Holly Springs, Mississippi 38635.

6. That the Defendant, Lemon Phelps, is an adult resident citizen of Marshall County, Mississippi who was at all times relevant to this *Complaint* acting in his capacity as a Board Member of the Holly Springs School District, and may be served with process of this Court at the address of 840 Highway 178 East, Holly Springs, Mississippi 38635.

7. That the Defendant, Ray Autry, is an adult resident citizen of Marshall County, Mississippi who was at all times relevant to this *Complaint* acting in his capacity as a Board Member of the Holly Springs School District, and may be served with process of this Court at the address of 840 Highway 178 East, Holly Springs, Mississippi 38635.

8. That the Defendant, Shelia Walton, is an adult resident citizen of Marshall County, Mississippi who was at all times relevant to this *Complaint* acting in her capacity as a Board President of the Holly Springs School District, and may be served with process of this Court at the address of 840 Highway 178 East, Holly Springs, Mississippi 38635.

9. That the Defendant, Holly Springs Intermediate School, was and is a business entity of form unknown existing under the laws of the State of Mississippi, with its principal place of business located at 840 Highway 178 East, Holly Springs, Mississippi 38635 and may be served with process of this Court by and through Dr. Irene Walton Turnage at her usual business address of 840 Highway 178 East, Holly Springs, Mississippi 38635.

IV.

That, on or about the 28th day of February, 2019, Craig Gordon was supervising numerous students in his classroom in Holly Springs, Mississippi at the Holly Springs Intermediate School.

V.

That said students had been prohibited by the school from attending a basketball game in the gymnasium due to misbehavior and / or other disciplinary issues.

VI.

That the students prohibited from attending the basketball game who were being supervised by Craig Gordon included JaDarrion Milan and Javien Thomas.

VII.

That, during the course Craig Gordon supervising said students, JaDarrion Milan and Javien Thomas, who were unprovoked, attacked Craig Gordon, causing him physical injuries for which Craig Gordon required medical treatment.

VIII.

That Craig Gordon reported the incident to the Defendants who initiated a cursory investigation into what took place.

IX.

That, when approached by school officials about the incident, JaDarrion Milan and Javien Thomas maintained Craig Gordon had attacked the two (2) of them, and they were simply defending themselves.

X.

That the Defendants concluded Craig Gordon initiated the incident and was at fault for what occurred, placing him on unpaid leave as punishment.

XI.

That, unbeknownst to the Defendants at the time of their investigation, a separate student had recorded the entire incident on her cell phone.

XII.

That said student transferred the video to the mother of one of the students who attacked Craig Gordon.

XIII.

That, upon receiving the video, the mother posted the video onto a social media website attempting to discredit Craig Gordon as he maintained his innocence.

XIV.

That, upon being made aware of said video and taking the opportunity to review the same, the Defendants saw the attack by JaDarrion Milan and Javien Thomas was unprovoked as represented by Craig Gordon and sought to remedy their error by converting Craig Gordon's status to from unpaid leave to paid leave.

XV.

That approximately thirty-nine (39) days following the incident, Craig Gordon received notice from the Defendants that his contact would not be renewed by the school district.

XVI.

That, in seeking employment with other school districts, Craig Gordon was offered employment with multiple school districts who, upon receiving communication from the Defendants, withdrew their offer of employment to Craig Gordon.

COUNT I: WRONGFUL TERMINATION

XVII.

That Plaintiff, Craig Gordon realleges and incorporates by reference all facts and allegations in paragraphs I through XVI above and further alleges:

XI.

Defendants terminated Craig Gordon's employment in violation of various fundamental public policies underlying state laws. Specifically, Craig Gordon's employment was terminated in part because of his protected status (i.e. race and / or good faith complaints).

XII.

That as a direct and proximate result of the conduct of the Defendants, Craig Gordon has suffered special damages in the form of lost earnings, benefits and / or other out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of the conduct of the Defendants, Craig Gordon will suffer additional special damages in the form of lost future earnings, benefits and / or other prospective damages in an amount according to proof at the time of trial

XIII.

As a further direct and proximate result of Defendants' conduct, Craig Gordon has suffered loss of financial stability, peace of mind and future security, and has suffered embarrassment, humiliation, mental and emotional pain and distress and discomfort, all to his detriment and damages in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

XIV.

That Defendants committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Craig Gordon, from an improper motive amounting to malice and with an intent to vex, injure and annoy Craig Gordon so as to cause oppression. Plaintiff is therefore entitled to punitive or exemplary damages.

COUNT II: RETALIATORY TERMINATION

XV.

That Plaintiff, Craig Gordon realleges and incorporates by reference all facts and allegations in paragraphs I through XVI above and further alleges:

XVI.

Craig Gordon's numerous complaints to school administration regarding the violent, disruptive, and unruly behavior of African American students as well as his reporting the incident which took place February 28, 2019 for which he was punished by the administration without cause or merit were motivating factors in Defendants' decision not to retain, hire, or otherwise employ Craig Gordon in any position and / or to take other adverse employment action, including constructive employment termination against Craig Gordon.

XVII.

Defendants conducted a cursory investigation into the incident reported by Craig Gordon and punished him without cause, automatically assuming the students were in the right. Only upon a video of the incident surfacing on social media did the Defendants attempt to remedy the wrong committed. The Defendants, then, terminated Craig Gordon in an effort to avoid continued embarrassment for punishing Craig Gordon without merit in connection with his making a good faith complaint to them.

XVIII.

That all of Craig Gordon's losses were, are and will be due to the recklessness, carelessness, and / or negligence of the Defendants without any contributory negligence or want of due care on the part of Craig Gordon.

XIX.

That, as this matter would not be before this honorable Court but for the actions of the Defendants, that the Defendants be ordered to pay Craig Gordon the attorney's fees which he incurred in having brought this action.

COUNT III: PREMISES LIABILITY

XX.

That Plaintiff, Craig Gordon realleges and incorporates by reference all facts and allegations in paragraphs I through XVI above and further alleges:

XXI.

That the Defendants were negligent in the use or maintenance of the property because Defendants owed a duty to exercise reasonable care to Craig Gordon, an employee, and failed to use reasonable care to keep the property in a reasonably safe condition which would ensure the safety and well-being of its employees while on the school's campus. Specifically, Defendants knew or should have known that Javien Thomas had a criminal record and were defiant in their behavior towards teachers. Defendants were in a position to prevent or protect the risk of their teachers being attacked by students and suffering physical injury and failed to do so.

XXII.

That Craig Gordon suffered physical injuries to his body and as a result, was harmed.

XXIII.

That Defendant's negligence was a substantial factor in causing Craig Gordon's injuries.

XXIV.

That the acts and / or omissions of the Defendants cause Craig Gordon to suffer harm and economic damages for the cost of medical treatment, and Craig Gordon is informed and believes

that he may incur damages in the future for the cost of future acts, in amounts according to proof at trial.

## COUNT IV: RECKLESS SUPERVISION

### XXV.

That Plaintiff, Craig Gordon realleges and incorporates by reference all facts and allegations in paragraphs I through XVI above and further alleges:

### XXVI.

As the employer of Craig Gordon, the Defendants owed a duty to Craig Gordon and were entrusted with the duty of ensuring a safe working environment where Craig Gordon would be able to fulfill the tasks delegated to him as an employee of the Defendants.

### XXVII.

Defendants recklessly failed to provide proper supervision and protection for Craig Gordon as their employee in that the Defendants knew or should have known Javien Thomas had a criminal record and would likely be disruptive and refuse to obey a teacher without adequate supervision.

### XXVIII.

That all of Craig Gordon's losses were, are and will be due to the recklessness, carelessness, and negligence of the Defendants without any contributory negligence or want of due care on the part of Craig Gordon.

### XXIX.

That, as this matter would not be before this honorable Court but for the actions of the Defendants, that the Defendants be ordered to pay Craig Gordon the attorney's fees which he incurred in having brought this action.

## COUNT V: NEGLIGENT SUPERVISION

### XXX.

That Plaintiff, Craig Gordon realleges and incorporates by reference all facts and allegations in paragraphs I through XVI above and further alleges:

### XXXI.

As the employer of Craig Gordon, the Defendants owed a duty to Craig Gordon and were entrusted with the duty of ensuring a safe working environment where Craig Gordon would be able to fulfill the tasks delegated to him as an employee of the Defendants.

### XXXII.

That the Defendants negligently failed to provide adequate resources to assist Craig Gordon in maintaining the supervision of students by failing to provide sufficient school personnel to ensure the safety of Craig Gordon in supervising students already being disciplined for behavior issues.

### XXXIII.

That, in committing the aforementioned acts or omissions, the Defendants negligent breached said duty to use due care, which directly and proximately resulted in Craig Gordon suffering general and special damages as alleged in this *Complaint* and is entitled to relief under the Mississippi Tort Claims Act.

## COUNT VI: TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

### XXXV.

That Plaintiff, Craig Gordon realleges and incorporates by reference all facts and allegations in paragraphs I through XVI above and further alleges:

XXXVI.

That following his wrongful termination at the hands of the Defendants, Craig Gordon sought employment with school districts in Byhalia, Mississippi, Philadelphia, Mississippi, and Potts Camp, Mississippi. Further, upon applying for a position with said school districts, Craig Gordon was informed they would like to hire him.

XXXVII.

That, following these assurances, said school districts were contact by the Defendants at which point Craig Gordon was informed they had "decided to go in a different direction."

XXXVIII.

That all of Craig Gordon's losses were, are and will be due to the actions of the Defendants and occurred without any contributory negligence or want of due care on the part of Craig Gordon.

XXXIX.

That, as this matter would not be before this honorable Court but for the actions of the Defendants, that the Defendants be ordered to pay Craig Gordon the attorney's fees which he incurred in having brought this action.

COUNT VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

XL.

That Plaintiff, Craig Gordon realleges and incorporates by reference all facts and allegations in paragraphs I through XVI above and further alleges:

XLI.

That each Defendant owed a duty to use due care at or about the time of the aforementioned incidents.

XLII.

That the actions of the Defendants caused Craig Gordon to suffer serious physical and emotional injury while under their employ.

XLIII.

That Defendants intended to cause Craig Gordon emotional distress and / or acted in reckless disregard of the likelihood of cause Craig Gordon emotional distress in perpetuating the commitment of these acts.

XLIV.

That, as this matter would not be before this honorable Court but for the actions of the Defendants, that the Defendants be ordered to pay Craig Gordon the attorney's fees which he incurred in having brought this action.

WHEREFOE PREMISES CONSIDERED, Craig Gordon respectfully requests this honorable Court grant him a judgment from the Defendants for damages in the amount of five hundred thousand dollars ($500,000.00) and such other relief, either general or specific, to which Craig Gordon is or may be entitled.

RESPECTFULLY SUBMITTED, THIS the 25th day of March, 2020.

_____
CRAIG GORDON

Prepared and Submitted by:

PRESTON RAY GARRETT (MSB #10186)
JESSE M. MCRIGHT III (MSB #104518)
Attorneys for Craig Gordon
Garrett, Friday and Garner, PLLC
1205 Office Park Drive, Ste. B
Oxford, MS 38655
Telephone: 662-281-0438
Facsimile: 662-281-0439

STATE OF MISSISSIPPI

COUNTY OF LAFAYETTE

This day personally appeared before me, the undersigned authority in and for the jurisdiction aforesaid, the within named Craig Gordon, who acknowledged that he signed, sealed and delivered the above and foregoing *Complaint* on the day and year and for the purposes therein appearing.

SWORN TO AND SUBSCRIBED BEFORE ME, this the 25th day of March, 2020.

_____
NOTARY PUBLIC

My Commission Expires:
10-24-2020

*Notary Seal:*
MICHAELA RHODES
Lafayette County
ID No. 117519
COMM. EXPIRES
OCT 24, 2020
STATE OF MISSISSIPPI