IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CRAIG GORDON                                                                          PLAINTIFF

VS.                                                                  CAUSE NO. 3:20-cv-00197-GHD-RP

HOLLY SPRINGS SCHOOL DISTRICT; et al.                                      DEFENDANTS

**OPINION GRANTING INDIVIDUAL DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS AND FOR QUALIFIED IMMUNITY**

Presently before the Court is the Individual Defendants Dr. Irene Walton Turnage, Tanesha
Payne Scott, Charisse Harris, Lemon Phelps, Ray Autry, and Sheila Walton's motion pursuant to
Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings and for qualified
immunity [19].  The Plaintiff asserts federal and state law claims against these Defendants in both
their official and individual capacities.  The Defendants Holly Springs School District, Holly
Springs Intermediate School, and Holly Springs School District School Board ("the School
Defendants") are not parties to the present motion.  Upon due consideration, the Court finds that
the motion should be granted and the Plaintiff's claims against the Individual Defendants
dismissed.

*I.        Factual and Procedural Background*

The Plaintiff was employed as a teacher by the Defendant Holly Springs School District
[Complaint, Doc. 2, at ¶ IV].  In February 2019, while supervising students in his classroom at
Holly Springs Intermediate School, an altercation occurred between the Plaintiff and two students
[Doc. 2, at ¶ VIII].  The Plaintiff was placed on unpaid, and then paid, leave, while the altercation
was investigated [Doc. 2, at ¶¶ X, XIV].  Eventually, on April 8, 2019, the Plaintiff received notice
that his contract with the School District would not be renewed for the following school year [Doc.
2, at ¶ XV].  This litigation followed.

The Plaintiff brings this action against the three School Defendants and the six Individual Defendants, in their respective individual and official capacities, asserting claims for wrongful and retaliatory termination, premises liability, reckless and negligent supervision, tortious interference with contractual relations, and intentional infliction of emotional distress [Doc. 2, at ¶¶ XVII - XLIII]. The Individual Defendants have now filed the presently pending motion seeking dismissal of the Plaintiff's claims against them.

## II.    Standard of Review

A motion for judgment on the pleadings pursuant to Rule 12(c) employs the same standard as for a motion to dismiss under Rule 12(b)(6). *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015). When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955).

In other words, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir.

2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.' " *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (*per curiam*) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

As for the individual Defendants' assertion of qualified immunity, "qualified immunity serves to shield … government officials from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of then clearly established law." *Thompson v. Upshur County, Texas*, 245 F.3d 447, 456 (5th Cir. 2001); see *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016) ("Qualified immunity protects officers from suit unless their conduct violates a clearly established constitutional right.") (quoting *Mace v. City of Palestine, Tex.*, 333 F.3d 621, 623 (5th Cir. 2003)). Qualified immunity calls for a bifurcated test in which the court must first determine (1) "whether the plaintiff has alleged a violation of a clearly established statutory or constitutional right that was clearly established at the time of the challenged conduct and, if so, (2) whether the defendant [official's] conduct was objectively unreasonable." *Ashcroft v. al–Kidd*, 563 U.S. 731 (2011); *Palmer v. Johnson*, 193 F.3d 346, 351 (5th Cir. 1999). "Once a defendant asserts the qualified immunity defense, '[t]he plaintiff bears the burden of negating qualified immunity.'" *Id.* (quoting *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010)). "Despite this burden-shifting, all reasonable inferences must be drawn in the non-movant plaintiff's favor." *Id.* (citing *Brown*, 623 F.3d at 253).

### III.    *Analysis and Discussion*

### The Plaintiff's Federal Claims

The Plaintiff has asserted claims against the Individual Defendants in their individual and official capacities.  As for the Individual Defendants, Dr. Turnage is the Superintendent of the Holly Springs School District, an entity which is a Defendant in this matter; Tanesha Payne Scott is the Principal of the Holly Springs Intermediate School, an entity which is a Defendant in this matter; Sheila Walton is the President of the Holly Springs School District Board, an entity which is a Defendant in this matter; and Charisse Harris, Lemon Phelps, and Ray Autry are likewise Members of the Holly Springs District School Board.  All six individual Defendants assert that they are entitled to qualified immunity regarding the Plaintiff's federal claims.

It is axiomatic that, in order to state a claim against an individual government official defendant, a Plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Ashcroft*, 556 U.S. at 676; see *Hernandez v. Duncanville Sch. Dist.*, No. 3:04-CV-2028, 2005 WL 723458, at \*9 (N.D. Tex. Mar. 29, 2005) (holding that, in order to state claim against an individual governmental actor, a plaintiff must "state specifically how [each governmental official] took actions that deprived [the plaintiff] of a constitutionally or statutorily protected right, and state specifically how the conduct of each caused [the plaintiff's] injuries.")

In the case *sub judice*, the Plaintiff's allegations hardly rise to the level of alleging that the individual Defendants engaged in conduct that deprived the Plaintiff of any clearly established statutory or constitutional right.  Indeed, the Plaintiff makes no specific allegations whatsoever against any of the Individual Defendants or that they individually engaged in any specific conduct.

4

As noted above, qualified immunity shields state officials from suit so long as the official's complained-of conduct did not violate a clearly established statutory or constitutional right that a reasonable official would have known violated the law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011). The Plaintiff bears the burden of negating a defendant's invocation of qualified immunity. *Howell v. Town of Ball*, 827 F.3d 515, 525 (5th Cir. 2016).

Given the absence of any specific allegations against the Individual Defendants in the Plaintiff's Complaint, the Court finds that the Plaintiff has failed to meet his burden to negate the individual Defendants' invocation of qualified immunity. The Plaintiff has thus failed to show that the individual Defendants' conduct regarding the Plaintiff's claims was objectively unreasonable. The Court therefore finds that the individual Defendants are entitled to qualified immunity and that the Plaintiff's federal claims against these Defendants are therefore dismissed.

**The Plaintiff's State Law Claims**

The Individual Defendants argue that the Plaintiff's state law claims against them are barred by the Mississippi Tort Claims Act. The Court agrees.

The Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, *et seq.*, which is the exclusive civil state law remedy against governmental entities and their employees for tortious acts or omissions giving rise to a suit, applies to this case in two ways. First, the Individual Defendants, who are indisputably "employees" under the MTCA for purposes of this litigation, may not be held personally liable for acts or omissions occurring within the course and scope of their employment. Miss. Code Ann. § 11-46-7(2). Second, the MTCA states that an adequate notice of claim must be served on the subject defendant(s) at least ninety days before the filing of a suit. Miss. Code Ann. § 11-46-11(1). The Notice must include "the names of all persons known

5

to be involved" – failure to do so amounts to non-compliance with the MTCA and any claim brought in court based upon such a notice is barred and "should be dismissed without prejudice." *O'Hara v. City of Hattiesburg*, 227 So. 3d 314, 317 (Miss. Ct. App. 2017); *South Central Regional Med. Ctr. v. Guffy*, 930 So. 2d 1252, 1258 (Miss. 2006).

First, the MTCA specifically states that "it shall be a rebuttable presumption that any act or omission of an employee within the time and at the place of his employment is within the course and scope of his employment" and thus is not subject to individual liability. Miss. Code Ann. § 11-46-5(3). The Plaintiff has made no attempt to rebut this presumption – he sets forth no allegations that any of the Individual Defendants committed any acts or omissions outside the course and scope of their employment or that they committed any acts or omissions whatsoever that could potentially subject them to civil liability; indeed, it is undisputed that all the relevant events in this litigation occurred during the time and place of the Individual Defendants' employment. Accordingly, on this basis alone, the Plaintiff's state law claims against the Individual Defendants are subject to dismissal.

Second, in order to bring a claim under the MTCA, a plaintiff must first exhaust certain statutorily-required administrative requirements. One of those requirements is the pre-suit service of a Notice of Claim. Miss. Code Ann. § 11-46-11. Under the statute, the Notice must contain seven categories of information, and Mississippi courts have made clear that all seven categories must be included in order for the Notice to "substantially comply" with the statute; otherwise, any suit based upon the Notice is subject to dismissal. *Guffy*, 930 So. 2d at 1258 (holding that "failure to provide any one of the seven categories is failure to comply" with the statute and that trial court's failure to grant motion to dismiss if "any" of the seven categories is not included in the Notice is reversible error). Among the seven required categories of information is "the names of all persons

6

known to be involved." Miss. Code Ann. § 11-46-11(2)(b)(iii). Here, the Plaintiff's Notice of

Claim fails to identify or even mention any of the Individual Defendants as persons known to be

involved [Plaintiff's Notice of Claim, Doc. No. 19-1]. Accordingly, the Court finds that the

Plaintiff's Notice, insofar as it relates to the Individual Defendants, fails to substantially comply

with the MTCA. For this additional reason, the Plaintiff's state law claims against the Individual

Defendants are subject to dismissal.

For both of these reasons, the Court finds that the Plaintiff's state law claims against the

Individual Defendants should be dismissed without prejudice.

### *IV.* *Conclusion*

In sum, for all of the foregoing reasons, the Court finds that the individual Defendants Dr.

Irene Walton Turnage, Tanesha Payne Scott, Charisse Harris, Lemon Phelps, Ray Autry, and

Sheila Walton's motion for judgment on the pleadings and qualified immunity is granted. The

Plaintiff's federal claims against these Defendants are dismissed with prejudice, and the Plaintiff's

state law claims against these Defendants are dismissed without prejudice. The Plaintiff's claims

against the School Defendants – Holly Springs School District, Holly Springs Intermediate School,

and Holly Springs School District School Board - shall proceed.

An order in accordance with this opinion shall issue this day.

THIS, the  27th  day of September, 2021.

_____

SENIOR U.S. DISTRICT JUDGE